COURT OF APPEALS
DECISION
DATED AND FILED

November 7, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.** **2018AP980-CR**

Cir. Ct. No. 2015CF33

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

HARLAND C. H. SWENSON, JR.,

   DEFENDANT-APPELLANT.

         APPEAL from a judgment and an order of the circuit court for Monroe County:  MARK L. GOODMAN, Judge.  *Affirmed*.

         Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

         **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Harland Swenson appeals a judgment of conviction and an order denying his motion for postconviction relief. The issue on appeal is whether his trial counsel was ineffective by not objecting to jury instructions that Swenson asserts failed to protect his right to a unanimous jury. We conclude that the law was not settled on this point, and therefore counsel's performance was not deficient. We affirm.

¶2 After a jury trial, Swenson was convicted of three counts of first-degree sexual assault of a child under WIS. STAT. § 948.02.[1] He filed a postconviction motion alleging that his trial counsel was ineffective. The circuit court denied the motion after an evidentiary hearing.

¶3 To establish ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that such performance prejudiced the defendant's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both components of the analysis if a defendant makes an inadequate showing on one. *Id.* at 697. We affirm the circuit court's findings of fact unless they are clearly erroneous, but the determination of deficient performance and prejudice are questions of law that we review without deference to the circuit court. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶4 We understand Swenson's argument to be that his trial counsel should have objected to the substantive instructions on child sexual assault because they allowed for conviction for more than one type of act, and the victim

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

testified to all of the various acts that were covered by the instructions. Swenson argues that this violated his right to jury unanimity because the instructions did not require the jury to agree on which specific act Swenson committed in order to convict him on any particular count.

¶5 More specifically, Swenson notes that the instruction for count two, which alleged sexual contact, defined sexual contact as including both "intentional touching of the anus or buttocks" and "intentional penile ejaculation of ejaculate or intentional emission of urine or feces" on the victim. Similarly, the instruction for count three defined sexual contact as both "intentional touching of the groin, vagina, or pubic mound" and "intentional penile ejaculation of ejaculate or intentional emission of urine or feces" on the victim. Finally, as to count one, the instruction defined sexual intercourse as including both cunnilingus and anal intrusion.

¶6 Swenson argues that because the victim testified to all of these acts, and all three counts alleged the same six-month time period, the effect of the above instructions was that, as to each count, some jurors may have believed only that he committed one of the acts listed, while other jurors may have believed only that he committed the other act listed. This, he asserts, violated his right to unanimity because the instructions did not require the jury to be unanimous about which of those acts he committed.

¶7 We conclude that trial counsel's performance was not deficient because the law in this area was unsettled. "When the law is unsettled, the failure to raise an issue is objectively reasonable and therefore not deficient performance." *State v. Jackson*, 2011 WI App 63, ¶10, 333 Wis. 2d 665, 799 N.W.2d 461.

3

¶8      Swenson does not point to any case law that clearly answers whether jury unanimity is required in this situation. Our supreme court has previously held, when reviewing a conviction for first-degree sexual assault (not of a child), that unanimity was not required in that case on the various acts of non-consensual sexual intercourse that were testified to. *State v. Lomagro*, 113 Wis. 2d 582, 598, 335 N.W.2d 583 (1983). The court reached that conclusion because those acts are alternative means of committing that crime; the acts are conceptually similar; and the two-hour assault was "one continuous, unlawful event." *Id.* at 592-94.

¶9      Later, this court reviewed an ineffective assistance claim similar to the one made by Swenson in this case, and we ultimately concluded that the law was too unsettled to hold counsel's performance deficient. *State v. McMahon*, 186 Wis. 2d 68, 84-85, 519 N.W.2d 621 (Ct. App. 1994).

¶10     In *McMahon*, in reviewing a conviction for incestuous sexual intercourse, we followed *Lomagro* to conclude that there were multiple means of committing that crime, and they were conceptually similar. *Id.* at 81-82. As to the time span involved, we concluded that, while McMahon's case might require unanimity because it was a longer time span of one and one-half months, rather than two hours as in *Lomagro*, it would also be reasonable to extend the holding in *Lomagro* to conclude that unanimity was *not* required because a series of acts over one and one-half months was a continuous event. *Id.* at 83-84. Accordingly, based on those alternative readings of *Lomagro* that we considered reasonable, we concluded that the law was unsettled about whether counsel should have objected so as to protect the defendant's right to unanimity. *Id.* at 84-85.

¶11     After the above-noted opinions were issued, our supreme court adopted a new test for unanimity claims. *See State v. Derango*, 2000 WI 89, 236

Wis. 2d 721, 613 N.W.2d 833. That test begins, as before, with consideration of whether the statute creates a single offense with multiple means of commission, or multiple offenses. *Id.*, ¶¶14-21. However, rather than considering next whether the alternate modes are conceptually similar, courts are now to evaluate "the fundamental fairness and rationality of the legislature's choice to provide for a single offense with alternate modes of commission." *Id.*, ¶22. Neither the State nor Swenson has cited cases that apply this unanimity claims test to the statute at issue here, WIS. STAT. § 948.02.

¶12    For these reasons, we conclude that the law regarding a potential unanimity objection to the instructions in Swenson's case was too unsettled to hold trial counsel's performance deficient for not requesting a different instruction.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.